IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| RICHARD STEPHEN TERRY,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER 1) TO CURE DEFICIENT AMENDED COMPLAINT; 2) DENYING MOTION TO APPOINT COUNSEL; AND 3) GRANTING MOTION FOR PRODUCTION OF DOCUMENTS**<br><br>Case No. 2:18-cv-792-JNP<br><br>District Judge Jill N. Parrish |

Plaintiff Richard Stephen Terry ("Plaintiff") brings this *pro se* civil-rights action under 42 U.S.C. § 1983 *in forma pauperis* under 28 U.S.C. § 1915. Having now screened the Amended Complaint, (Doc. No. 9), under its statutory review function, *see* 28 U.S.C. § 1915A,[1] the court orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing his claims.

---

[1] 28 U.S.C. § 1915A states:

> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>   (2) seeks monetary relief from a defendant who is immune from such relief.

## AMENDED COMPLAINT'S DEFICIENCIES

The court has identified several deficiencies with Plaintiff's Amended Complaint including that it:

1. Does not properly affirmatively link Defendant to civil-rights violations.

2. Is not on the form complaint required by the court.

3. Needs clarification regarding what constitutes a cause of action under the American with Disabilities Act (ADA) (see below).

4. Names State of Utah as a defendant, which violates governmental-immunity principles (see below).

5. Possibly asserts claims on the constitutional validity of his sentence, which should be brought in a habeas-corpus petition, not civil-rights complaint.

6. Asserts claims possibly invalidated by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994) (see below).

7. Does not state what relief is requested.

8. Has claims apparently regarding current confinement; however, the complaint was apparently not drafted with contract attorneys' help.

## GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether

he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the court can neither "supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[2]

(2) The complaint must clearly state what each defendant—typically, a named government employee—did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433,

---

[2] Fed. R. Civ. P. 15(a) reads:
  (1) A party may amend its pleading once as a matter of course within:
    (A) 21 days after serving it, or
    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
  (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone, with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

• **ADA**

Plaintiff should also consider this information in amending his complaint:

> To state a failure-to-accommodate claim under [the ADA], [Plaintiff] must show: (1) he is a qualified individual with a disability; (2) he was "either excluded from participation in or denied the benefits of some public entity's services, programs, or activities"; (3) such exclusion or denial was by reason of his disability; and (4) [Defendant] knew he was disabled and required an accommodation.

*Ingram v. Clements*, 705 F. App'x 721, 725 (10th Cir. 2017) (quoting *J.V. v. Albuquerque Pub.*

*Sch.*, 813 F.3d 1289, 1295, 1299 (10th Cir. 2016)). Further:

> "Courts have recognized three ways to establish a discrimination claim: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." [*J.V.*, 813 F.3d at 1295]. "The ADA requires more than physical access to public entities: it requires public entities to provide '*meaningful* access' to their programs and services." [*Robertson v. Las Animas County Sheriff's Dep't*, 500 F.3d 1185, 1195 (10th Cir. 2007)]. To effectuate this mandate, "the regulations require public entities to 'make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability.'" *Id.* (quoting 28 C.F.R. § 35.130(b)(7)).

*Villa v. Dep't of Corrs.*, 664 Fed. App'x 731, 734 (10th Cir. 2016).

4

- **State Immunity**

Under the Eleventh Amendment of the United States Constitution, states are entitled to immunity from suit unless the state has "waive[d] its Eleventh Amendment immunity and consent[ed] to be sued," or "Congress [has] abrogate[ed] a state's Eleventh Amendment immunity." *See Thompson v. Colorado*, 278 F.3d 1020, 1024, 1025 (10th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (Oct. 9, 2001); *see also Lujan v. Regents of Univ. of Cal.*, 69 F.3d 1511, 1522 (10th Cir. 1995); and *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff has sued the State of Utah but asserts no basis for determining that Utah has waived its immunity or that Utah's immunity has been abrogated by Congress in this instance.

- *Heck*

Plaintiff's claims appear to include some allegations, that if true, may invalidate his conviction or sentence. In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), "the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck*, 512 U.S. at 486–87). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that his constitutional rights were breached in a way that may attack his very imprisonment and the underlying conviction. *Heck* requires that, if a plaintiff requests § 1983 damages, this court must decide whether judgment for the plaintiff would unavoidably imply that

the incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims.[3] If this court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above by filing a document entitled, "Second Amended Complaint."

(2) The Clerk's Office shall mail Plaintiff 1) the Pro Se Litigant Guide, 2) the Information for Filing a Complaint under 42 U.S.C. Sections 1983 and 1985 guide, and 3) the 28 U.S.C. § 2254 Habeas Corpus claim informational guide; along with 4) a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue a second amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve the Second Amended Complaint on Defendants; instead the court will perform its screening function and determine itself whether the amended complaint warrants service. No further motion for service

---

[3] In his Amended Complaint, Plaintiff notes "that he is not challenging his conviction, but merely pointing out . . . the transgression's imposed upon [him] due to his mental illness." *See* Am. Compl. at ¶ 14. However, because Plaintiff appears to be alleging due process violations during the state court proceedings, the remedy for which would be to invalidate his underlying conviction, his complaint may violate the principles laid out in *Heck*.

of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) Plaintiff's second motion for appointed counsel, (Doc. No. 11), is DENIED, for the same reasons stated in a prior order in this case denying appointment of voluntary *pro bono* counsel, (Doc. No. 3). As the court said in that prior order, "[I]f, after the case is screened, it appears that counsel may be needed or of specific help, the court may ask an attorney to appear pro bono on Plaintiff's behalf." (*Id*. at 3). This is an ongoing inquiry that requires no further prompting from Plaintiff. **The Clerk of Court shall take note that no further motions for appointed counsel will be accepted by the court**.

(6) Plaintiff's motion, (Doc. No. 8), for a copy of his complaint is GRANTED. The Clerk of Court shall mail Plaintiff copies of his original complaint, (Doc. No. 4), and his amended complaint, (Doc. No. 11).

DATED this June 6, 2019.

                                              BY THE COURT:

                                              JILL N. PARRISH
                                              United States District Court Judge